## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ANGEL ENRIQUE ROMERO-GALINDEZ**
Petitioner

   v.        **Civil No.** 15-1043 **(DRD)**

**UNITED STATES OF AMERICA**
Respondent

### OPINION & ORDER

  Pending before the Court is Petitioner Angel Enrique Romero-Galindez *Motion to Vacate, Set Aside, or Correct* the sentence imposed in criminal case 3:12-cr-00319. *See* Docket Nos. 1 and 5; *see also* 28 U.S.C. § 2255. For the reasons provided below, the Court **DENIES** Petitioner's *Motion to Vacate, Set Aside or Correct Sentence* (Docket Nos. 1 and 5).

### I.   PROCEDURAL BACKGROUND

  On April 24, 2012, Angel Enrique Romero-Galindez ("Petitioner") was charged under 18 U.S.C. § 922(g)(1)(prohibited person in possession of firearm by a convicted felon) for unlawfully possessing "an AK-47 assault rifle, bearing serial number AH-1685-1989, one (1) magazine, and a total of eleven (11) rounds of 7.62 caliber ammunitions." *See Response in Opposition to Motion* at Docket No. 7. On November 5, 2012, Petitioner pled guilty on January 18, 2013 to count one (1) of the indictment. *See* Docket No. 1. The parties agreed to recommend a sentence of fifteen (15) years if Petitioner was

found to be an Armed Career Criminal. *See* 18, U.S.C. §922(g)(1) and 924(e).

On August 19, 2013, the Court found that Petitioner was an Armed Career Criminal and sentenced Petitioner to two hundred and forty (240) months of imprisonment and five (5) years of supervised release. *See* Docket No. 1. The judgement against the Petitioner was entered on August 26, 2013, and he appealed said judgement on September 9, 2013. On April 3, 2015, Petitioner's conviction was affirmed by the First Circuit.

On January 21, 2015, Petitioner filed the instant *Motion to Vacate, Set Aside, or Correct Sentence*. *See* Docket Nos. 1 and 5. Petitioner claims he received ineffective assistance of counsel, primarily during the plea negotiation process. Petitioner also avers that the Court erred in considering his prior convictions and consequently increasing the mandatory minimum at sentencing. Petitioner also requests the Court's recusal from the instant case. Finally, Petitioner requests the appointment of counsel and an evidentiary hearing. The United States of America ("Respondent") filed its *Response in Opposition to Motion* on June 4, 2015. *See* Docket No. 7.

## II.   APPLICABLE STANDARD

### i.   Legal Standard Under § 2255

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of

the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on the alleged ineffective assistance of counsel he received in the aforementioned criminal case.  The Court accepts that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense."  U.S. Const. Amend. VI.  However, "not every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)).  "After all, the Constitution entitles a defendant to generally proficient representation, not perfect representation."  *Id.* (citing *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir. 1994)).  The First Circuit succinctly summarized the legal doctrines surrounding claims of ineffective assistance of counsel:

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was objectively unreasonable "under prevailing professional norms."

*Id.* at 688, 104 S.Ct. 2052. In making this assessment, courts must be "highly deferential" and "indulge a strong presumption that ... under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotation marks omitted); *accord Woods v. Donald*, ---U.S. ----, 135 S.Ct. 1372, 1375, 191 L.Ed.2d 464 (2015) (per curiam). Second, the defendant must show that counsel's deficient performance resulted in prejudice—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *accord Woods*, 135 S.Ct. at 1375.

*United States v. Mercedes-De La Cruz*, 787 F.3d 61 (1st Cir. 2015).

There is also no question that "a defendant has a right to be informed by his counsel of a plea offer. Ordinarily, counsel's failure to do so constitutes ineffective assistance of counsel." *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991).

### ii.   *Legal Standards Governing Motions for Disqualification*

The First Circuit has held that a judge must be disqualified, or recuse him or herself, when the facts alleged against him "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir.2001) (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir.1998)). The First Circuit has also held that "doubts ordinarily ought to be resolved in favor of recusal." *In*

*re United States,* 441 F.3d 44, 56–57 (1st Cir.2006). The analysis then turns on whether "an objective, reasonable member of the public, **fully informed of all the relevant facts**, would fairly question the trial judge's impartiality." *Id.* (emphasis ours). Although the reasonable appearance of partiality requires the judge to recuse himself, **"[t]his does not mean that required recusal can be based on an unsupported, irrational, or highly tenuous speculation.'"** *In re Martinez-Catala,* 129 F.3d at 220 (emphasis ours).

Furthermore, it is worth noting that friction with a litigant is rarely grounds for recusal. Ordinarily, it is not sufficient that the presiding judge make critical remarks or comments directed at a party or his attorney, or that there were other indications of animosity or friction. *See King v. First American Investigations, Inc.*, 287 F.3d 91, 96 (2d Cir. 2002), cert. denied, 537 U.S. 960, 123 S. Ct. 393, 154 L. Ed. 2d 314 (2002)(Plaintiff's assertions that judge accused him of abusing the judicial process, referred to plaintiff as paranoid, accused plaintiff of "pulling a stunt" in attempting to make a showing at trial, favored defendants because two of them were of the same ethnicity as he, and other allegations did not require recusal.); *Christo v. Padgett*, 223 F.3d 1324, 1333–1334 (11th Cir. 2000), cert. denied, 531 U.S. 1191, 121 S. Ct. 1190, 149 L. Ed. 2d 106 (2001)(District judge's occasional expressions of

frustration with litigants, admonition that the court will not be used to further a personal agenda of a party, and having presided over other litigation involving the same parties, including sentencing of a litigant in a criminal matter, do not require recusal under § 144 or § 455(a)); *Green v. Nevers*, 111 F.3d 1295, 1303-1304 (6th Cir. 1997), cert. denied, 522 U.S. 996, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997)(District court judge was not obligated to disqualify himself in wrongful-death action against city brought by survivors of individual allegedly beaten to death by police officers, as there was no evidence of bias, notwithstanding judge's impatience with attorneys and skepticism about settlement, which was large and was reached very quickly.)(emphasis ours); and *Mitchell v. Kirk*, 20 F.3d 936 (8th Cir. 1994)(District judge's heated exchanges with, and admonishments of, pro se inmate in front of jury did not establish judicial bias, advocacy, or partiality, but rather were attempts to maintain control over proceedings and to preserve courtroom decorum; judge never commented on merits of inmate's case, and only remarked on inmate's presentation of his case and his courtroom antics). With the above legal standards established, the Court moves to decide the matters at hand.

### III.   LEGAL ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner claims that the first prong of the *Strickland* test is met since counsel lied to the court about presenting him the two plea deals offered by the government. *See* Docket No. 1. The Court finds this to be a lackluster argument since the Petitioner recognized on the record that he planned to discuss the government's second plea offer with his family. Petitioner also alleges that he was not offered this first plea agreement, but the record clearly reflects that counsel did advise Petitioner of the two (2) plea deals

> **MR. CANINO:** This case has a history or had a history of [protracted] plea negotiations. **We had two plea offers at one time. We discussed both with our client.**
> We understand that he is in a position to accept one of those plea offers. However, he informed us yesterday that he is not ready to sign the Plea Agreement today, that he would like time to counsel with his family.
>
> - - -
>
> **MS. ZENON:** Your Honor, this is like the fourth or fifth time we have been in a Change of Plea Hearing that I believe so.
> Previously, we were in a hearing in Judge Domínguez' courtroom about this case. **The two plea offers were made sometime ago.**
> We believe that the Defendant had certainly enough time to consider the offers, and to speak with his family members.
> - - -
> **THE COURT: Okay so you plan is to discuss this second plea offer with your family next time they visit you?**
> **DEFENDANT: Yes**, and so that they will come here too.
> **THE COURT:** Okay, and did you discuss, with your Attorney, this second offer yesterday?
> **DEFENDANT:** Yes.

Criminal case 3:12-cr-00319 Docket No. 90, pp. 2, 3, 4).
The record also reflects that Petitioner was cooperating with
the government and communicating to finalize the plea agreement.
*See* criminal case 3:12-cr-00319 Docket Nos. 18, 23, 36, 46 and
the Presentence Report ("PSR") at 69.

Petitioner asserts that he received ineffective assistance
of counsel because counsel filed a sentencing memorandum seeking
variance from the plea agreement. *See* Docket. No. 5. However, it
was established in the PSR that if Petitioner was found to be an
Armed Career Criminal, the sentencing guideline would be between
the statutory minimum fifteen (15) years and life. The PSR
ultimately recommended a sentence between one hundred and eighty
(180) to two hundred and ten (210) months. The argument posed,
thus, is incorrect as prior counsel was seeking the lowest
possible sentence under the guidelines, as established in the
plea agreement. Counsel did not violate what was stipulated in
the plea agreement by seeking the mandatory minimum.[1] By arguing
for a fifteen-year (15) minimum sentence, counsel was advocating
in favor of the lowest possible sentence for his client.

Notwithstanding the above, Petitioner also argues that
counsel did not object to the Court relying on incorrect
sentencing guidelines to sentence him. *See Id*. Although "a

---

[1] Due to prior serious crimes, Petitioner qualified as an Armed Career
Criminal which mandated a sentence between fifteen (15) years and life in
prison. *See* 18, U.S.C. §922(g)(1) and 924(e).

sentencing court must 'give respectful consideration to the Guidelines, **Booker permits the court to tailor the sentence in light of other statutory concerns as well.**' " *Pepper v. United States,* 562 U.S. 476 (2011) (referring *United States v. Booker,* 543 U.S. 220 (2005)) (emphasis ours) (internal citations omitted). In this case, the Court opted to apply a statutory sentence due to all the factors on the record which the Court found mandates a more serious sentence for Petitioner in order to deter further criminal conduct. Counsel then did not fail to object to "incorrect" sentencing guidelines and did not prejudice the Petitioner's defense. Accordingly, the second prong of the *Strickland* test which states that "for counsel's unprofessional errors, the result of the proceeding would have been different" is pellucidly not satisfied. *Strickland*, 466 U.S. at 694.

### B. Prior Convictions

Petitioner claims that the Court showed prejudice against him by considering the lenient sentence provided prior as to his four (4) past murder convictions as grounds to increase the present sentence. 18 U.S.C. § 3553(a)(1) provides that a Court must take into account Petitioner's history and characteristics in applying a just sentence. *See* 18 U.S.C. § 3553(a)(1). It is also well established that "logic dictates that a sentencing court may ... consider whether, in a series of past convictions,

the punishment appears to fit the crime." *United States v. Flores-Machicote*, 706 F.3d 16, 21 (1st Cir. 2013). Then, "if the court concludes that an asymmetry exists which results in a substantial underestimation of the defendant's criminal history, it may vary the sentence upward to reflect past leniency." *Id.* (internal citations omitted). Consequently, the Court acted within its discretion by taking into account the past leniency in the Petitioner's conviction.

Nonetheless, Petitioner claims that the past convictions had to be brought before the jury before being considered by the government as they were "elements of the crime". The Supreme Court decided that any fact that increased the mandatory minimum sentence and was considered an element of the crime, had to be brought before the jury. *See Alleyne v. United States*, 133 S.Ct. 2151 (2013). This does not apply in the present case since the prior convictions Petitioner had are considered "sentencing factors" and not "elements of the crime". The Supreme Court held that prior convictions could be used to enhance a sentence without being brought before a jury. *See Almendarez-Torres v. United States,* 523 U.S. 224, (1998) ("There is not sufficient support, in this Court's precedents or elsewhere, for petitioner's claim that the Constitution requires Congress to treat recidivism as an element of the offense irrespective of Congress' contrary intent."). The Petitioner's argument that his

counsel failed to object the convictions being used as sentencing factors and that the Court acted with prejudice in using them is, thus, without merit.

## C. Recusal

The issue of whether or not the Court should recuse itself from deciding Petitioner's motion due to bias has already been decided by the Court of Appeals. *See U.S. v. Romero-Galindez* 782 F.3d 63, 71 (1st Cir. 2015). "On a motion to vacate sentence (or judgment) we will not re-review grounds for relief previously considered and determined. As to these grounds, petitioner is not entitled to another review." *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967) (internal citations omitted). It was also clarified that "although the strict doctrine of *res adjudicata* does not apply to § 2255 motions, it is firmly settled that issues disposed of on a prior appeal will not be reviewed again by way of such a motion." *Id.* (internal citations omitted). Nonetheless, for finality purposes, the Court entertains Petitioner's claim.

The First Circuit's opinion reads as follows:

> Here, the judge unambiguously indicated that he was not going with a Guidelines sentence for a variety of reasons (more fully discussed below). This is not the same as disregarding the Guidelines as a starting point. At the sentencing hearing, the judge distinctly went through the Guidelines computation, detailing Romero-Galindez's base offense level, criminal history, status as an armed career criminal, acceptance of responsibility, total offense level, and

guideline sentence range. The judge indicated that he had reviewed the PSR and its Guidelines computations, as well as the sentencing factors set forth in 18 U.S.C. § 3553. Far from indicating inadequate attention to the Guidelines, the record shows that the court considered the option presented by the Guidelines (even if they may have been calculated incorrectly) and then, for clearly enumerated reasons, rejected it as producing an overly lenient sentence. This was an option well within its prerogative to take.

*Romero-Galindez* 782 F.3d 63, 71

The First Circuit also stated that "the sentencing transcript shows that the judge, as opposed to fretting over public opinion, was concerned with the fact that a lenient or so-called soft sentence would not serve as a general deterrent. The judge repeatedly made this point, questioning what disincentive value a statutory minimum sentence would have". *Id.* at 72-73. The Court of Appeals clearly found that the Court had discretion to enter the sentence based on the Petitioner's four serious crimes and consequently the guideline sentence did not constitute sufficient deterrent under federal law. *See Id.* 72-72 at * 11. "Romero-Galindez had a history of violent crimes and, upon impermissibly leaving the state custody that those crimes landed him in, got his hands on an AK-47. We scarcely think it was unreasonable for the district judge to think a statutory minimum sentence was not adequate." *Id.* at 73. Thus, the Court finds no reasonable reason to act against the findings of the First

Circuit and recuse itself from deciding Petitioner's arguments. *See Dirring* 370 F.2d at 864.

### IV.   CONCLUSION[2]

For all the reasons alluded above, this Court **DENIES WITH PREJUDICE** Petitioner's *Motion to Vacate, Set Aside, or Correct* sentence.   *See* Docket Nos. 1 and 5. The Court further orders that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c) (2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of July, 2016.

S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ

U.S. District Judge

---

[2] There is no question that the facts of this case, both the original and the appellate, defeat the arguments made by Petitioner in this motion. "Thus, the petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere "bald" assertions without sufficiently particular and supportive allegations of fact." *Barrett v. United States*, 965 F.2d 1184 (1st Cir. 1992). Therefore, the Court **DENIES** Petitioner's request for an evidentiary hearing.